T.C. Memo. 2002-179


UNITED STATES TAX COURT


NIMIA MARIA RAMOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6562-01.                    Filed July 30, 2002.


Nimia Maria Ramos, pro se.

<u>Charlotte A. Mitchell</u> and <u>Paul R. Zamolo</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:   Petitioner petitioned the Court to redetermine respondent's determination of a deficiency in her 1998 Federal income tax return. Following a concession by

respondent,[1] we are left to decide the following issues as to 1998:

1.  Whether petitioner is entitled to a deduction for a dependency exemption for her son.  We hold she is not.

2. Whether petitioner is entitled to claim a child tax credit.  We hold she is not.

3. Whether petitioner may use the head of household filing status.  We hold she may not.

## FINDINGS OF FACT

The parties have stipulated some of the facts.  Their stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.  We find those facts accordingly.  Petitioner resided in New York when her petition was filed.

Petitioner filed a 1998 Federal income tax return (return), using the filing status of "Head of Household".  On that return, she claimed a dependency exemption deduction for her son, Alejandro Betancourt (Alejandro).  Petitioner also claimed as to Alejandro a $400 child tax credit.

Before coming to the United States, petitioner had lived in Puerto Rico.  Petitioner's ex-husband, Jesus Betancourt Flores, lived in Puerto Rico in 1998 and still lives there.  In 1998, the principal place of residence for Alejandro was Puerto Rico.

---

[1] Respondent concedes that petitioner is not liable for an additional tax for excess contributions to her Individual Retirement Account.

Petitioner is a noncustodial parent of Alejandro. Alejandro resided with petitioner for approximately 3 months during 1998. Petitioner claims that she provided during 1998 at least half of the support for her son. Petitioner has never filed with respondent as to Alejandro a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents.

On February 20, 2001, respondent mailed a notice of deficiency to petitioner. The notice of deficiency determined that petitioner may not claim Alejandro as a dependent, may not claim a child tax credit, and may not use the filing status of head of household.

OPINION

1. Dependency Exemption

Section 151(c) allows a taxpayer to claim as a deduction an exemption amount for each of his or her dependents.[2] Sections 151 and 152 lay out the following five tests that a taxpayer must meet in order to claim another person as a dependent: (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test. If the taxpayer fails any of these tests, he or she may not claim the person as a dependent.

---

[2] Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

As to the support test, the taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). In the case of a child of divorced parents, the custodial parent generally is entitled to the deduction. Sec. 152(e)(1). A noncustodial parent, however, is entitled to the deduction, pursuant to section 152(e)(2) if

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Respondent has prescribed Form 8332 for this purpose.

Here, petitioner is the noncustodial parent of Alejandro. Respondent has requested petitioner to provide a completed Form 8332 as to Alejandro to comply with the written declaration requirement of section 152(e)(2)(A). Because petitioner has never done so, she is not entitled to a dependency exemption deduction for Alejandro.[3]

---

[3] Additionally, petitioner has failed to meet the support test. She has not presented any evidence regarding the total cost of the support for Alejandro or the portion of the total support she provided.

## 2. Child Tax Credit

Respondent determined that petitioner was not entitled to the claimed child tax credit. Section 24(a) provides for a credit against tax for each qualifying child of the taxpayer. Section 24(c)(1) defines a qualifying child as any individual if:

(A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,

(B) such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, and

(C) such individual bears a relationship to the taxpayer described in section 32(c)(3)(B).

Because petitioner is not allowed a deduction under section 151 with respect to Alejandro, she does not have an eligible or qualifying child. It therefore follows that she is not entitled to a child tax credit under section 24(a), and we so hold.

## 3. Head of Household

Respondent determined that petitioner was not entitled to file her return using the status of head of household. Section (2)(b) allows a taxpayer to file as head of household if the taxpayer: is not married at the close of the taxable year, is not a surviving spouse, and maintains as the taxpayer's "home a household which constitutes for more than one-half of such taxable year the principal place of abode" for certain enumerated

individuals, including a son.  The parties have stipulated that Alejandro lived with petitioner for only 3 months during 1998. Thus, petitioner did not provide a household for Alejandro for more "than one-half of the taxable year".  Petitioner is unable to file as head of household and must use the filing status of single.

All arguments made by petitioner but not discussed herein have been considered and have been found to be without merit. Accordingly,

<u>Decision will be entered under Rule 155</u>.